IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT M. MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>PHH MORTGAGE SERVICES CORPORATION,<br><br>    Defendant. | Case No. 1:19-cv-00234 |

## COMPLAINT

NOW COMES Plaintiff, ROBERT M. MOORE, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, PHH MORTGAGE SERVICES CORPORATION, as follows:

## NATURE OF THE ACTION

1. This action is seeking damages for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated.

1

## PARTIES

4. ROBERT M. MOORE ("Plaintiff") is a natural person, over 18-years-of-age, who formerly resided at 2227 Blue Harbor Drive, Fort Wayne, Indiana 46804 and now resides at 484 Manchester Trail, Clayton, North Carolina 27527.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. PHH MORTGAGE SERVICES CORPORATION ("Defendant") provides private label mortgage services in the United States. It focuses on originating retail residential mortgages. The company offers fixed-and adjustable-rate mortgages, home equity lines of credit, and construction-to-permanent financing. It provides mortgage services to financial institutions, real estate brokers, affinity groups, credit unions, corporations, and government agencies. PHH Mortgage Services Corporation was formerly known as PHH U.S. Mortgage Corporation. The company was incorporated in 1977 and is based in Mount Laurel, New Jersey with facilities in Mount Laurel/Moorestown, New Jersey; and Jacksonville, Florida. PHH Mortgage Services Corporation operates as a subsidiary of PHH Corporation.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

9. On December 14, 2006, Plaintiff executed a mortgage in favor of American Brokers Conduit.

10. The Mortgage secured the purchase of Plaintiff's personal residence located at 2227 Harbor Drive, Fort Wayne, Indiana 46804.

2

11. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $176,000.00 (the "mortgage loan").

12. This indebtedness is a "debt" as defined by 15 U.S.C. § 1692a(5) as it arises out of a transaction primarily for personal, family, or household purposes.

13. On May 1, 2009, Plaintiff defaulted on the mortgage loan by failing to make monthly payments.

14. On February 16, 2019, Defendant became the new servicer of Plaintiff's mortgage loan.

15. On March 29, 2019, Plaintiff brought suit against Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

16. Complaint and summons were served on April 24, 2019 on Abigail Staton, who is designated by law to accept service of process on behalf of Defendant.

17. Said complaint and summons identified Joseph S. Davidson and Mohammed O. Badwan of Sulaiman Law Group, Ltd. as Plaintiff's counsel.

18. Notwithstanding, on May 15, 2019, Plaintiff directly received "Notice of Intention to Foreclose" (the "Notice").

19. The Notice stated:

Payments due on or after 06/01/09 have not been received by the PHH Mortgage Services, the servicer for this loan. As the payments for the loan are past due, the account is in default of the terms of the Note and Mortgage. In order to avoid foreclosure, a payment must be made for the total amount due. As of the date of this letter, the following is owed:

| | |
|---|---:|
| Next Payment Due Date | 6/01/09 |
| Total # of Monthly Payments Due | 120 |
| Total Monthly Payments Due | $200,284.30 |
| Late Charges: | $1,500.75 |
| Other Charges:        Other Fees: | $0.00 |

|  |  |
|---|---|
| Uncollected NSF Fees | $0.00 |
| Unapplied Balance: | ($0.00) |
| **TOTAL YOU MUST PAY TO CURE DEFAULT** | **$201,785.05** |

\*\*\*

In the event the default is not cured in full b y06/19/2019 as provided by the terms of the mortgage, payment of the current principal balance will be accelerated and the foreclosure process will be initiated which may cause you to lose your home through a sale of the property. Accordingly, if the breach is not cured by the date specified above we may take steps to terminate your ownership in the property by requiring payment in full of the home loan and commencing the foreclosure process.

\*\*\*

**Important Messages**

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

20. The Notice conveyed information regarding Plaintiff's $201,785.05 balance owed Defendant directly to Plaintiff.

21. As result thereof, the Notice is a "communication" as defined by 15 U.S.C. § 1692a(2).

## CLAIMS FOR RELIEF

### Count I:
### Violation of 15 U.S.C. § 1692

22. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692c**

23. Section 1692c provides:

**(a) COMMUNICATION WITH THE CONSUMER GENERALLY** Without the prior consent of the consumer given directly to the debt collector or the express

> permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –
>
> > (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

15 U.S.C. § 1692c(a)(2).

24. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating directly with Plaintiff despite knowing Plaintiff is represented by Sulaiman Law Group, Ltd.

25. Plaintiff may enforce the provisions of 15 U.S.C. § 1692c(a)(2) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)
>
> > (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
>
> ***
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff request the following relief:

A. find that Defendant violated 15 U.S.C. § 1692c(a)(2);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: May 29, 2019                                    Respectfully submitted,

**ROBERT M. MOORE**

*/s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com